Opinion issued June 23, 2005













In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00870-CR
          01-04-00871-CR
          01-04-00882-CR




JAMES DANIEL BOONE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 253rd District Court
Chambers County, Texas
Trial Court Cause Nos. 13034 and 13035




MEMORANDUM OPINION
          In trial cause number 13034, appellant, James Daniel Boone, was charged by
count II of his indictment with the aggravated assault of Erica Urbach with a hammer
and an automobile, and in count III, appellant was charged with aggravated assault
of a public servant, Barbers Hill Independent School District bus driver Angelica
Lindow, with a hammer and an automobile. In cause number 13035, appellant was
charged by indictment with evading arrest while using a motor vehicle. Each of the
charges was enhanced with two prior felony convictions, alleging that appellant
should be punished as a habitual criminal. The jury found appellant guilty as charged
and found each of the enhancements true. The trial court made an affirmative finding
that appellant used a deadly weapon in the commission of the two assault offenses
and assessed punishment at life imprisonment for each of the assault offenses and
imprisonment for 10 years for the offense of evading arrest. Appellant challenges the
legal and factual sufficiency of the evidence to support his two aggravated assault
convictions. Appellant does not bring any challenge to his conviction for evading
arrest. We affirm the judgments. 
BACKGROUND
          After a night of injecting cocaine, appellant and his live-in girlfriend, Erica
Urbach, got into an argument. They got into a car and drove away, but as appellant
drove, the argument escalated into a physical fight. 
          Urbach testified that she wanted appellant to take her to her father’s house, but
that appellant went in the wrong direction at high speeds and was running stop signs. 
She testified that she tried to get out of the car, but that appellant prevented her from
leaving by holding down the door lock. She said that appellant was hitting her and
said he was going to kill her. She found a hammer on the floor of the car, picked it
up, and hit appellant on the head. She testified that, after being hit, appellant stopped
the car and the fight continued. At some point, appellant and Urbach fell out of the
car and onto the road. Urbach testified that she saw that a school bus had stopped
behind the car. She said that she ran to the bus and asked the driver to let her on it. 

          The school bus driver, Angelica Lindow, testified that after she let Urbach on
the bus, she saw appellant running toward the bus. Lindow closed the bus doors, and
appellant hit the doors with the hammer, breaking the glass in both doors. He also
broke a side window with the hammer. Lindow testified that she drove off, and
appellant got in his car and followed the bus. Lindow further testified that appellant
drove beside her and rammed the bus with the car two or three times, and she felt that
she was in danger. She stated that he then pulled in front of the bus and opened the
driver’s door to try to stop the bus. Lindow testified that she rammed the bus into the
car door and then turned left. She said that he followed her, got in front of her again,
and activated his brake lights. She said that she first took her foot off the gas, then
sped up. Appellant also sped up and then pulled to the right side of the road to park. 
He waved the hammer at her and, as she passed him, threw it at the window of the
bus. She stated that she did not know where the hammer went. Appellant, back in
his car, passed her again and sped ahead. During this time, Lindow was in radio
contact with the manager of the bus barn. She said she was told that appellant had
been caught and that she could stop. 
          Sherman Gray and his passenger, Gene Ensley, were driving down a road when
they saw a school bus stopped in the road. In a nearby car, they saw a scuffle in
which the people involved fell out of the car and onto the ground. They saw the
woman go to the school bus and get on. Then they saw the man get up and run
toward the bus. Ensley testified that as he was dialing 9-1-1, he heard breaking glass. 
Ensley and Gray saw the bus leave and the car follow it. Ensley and Gray tried to
follow the car. Ensley testified that he did not see the car try to hit the bus, but that
he wouldn’t have seen it because he was trying to dial 9-1-1. Gray, who was driving,
testified that he followed the bus, saw the car pull in front of the bus, and saw the car
hit the bus. He also testified that, when the car turned in front of the bus, he was not
sure which vehicle hit the other. 
          Sheriff’s Deputy C. Carrington testified that he responded to the 9-1-1
operator’s call about the bus-car chase. He testified about his high-speed chase of
appellant, during which Carrington activated his lights and siren and used his public
address system to order appellant to stop. He said that, during this chase, appellant
had the window on the driver’s side of the car open. He stated that he chased
appellant for approximately three miles before appellant came to a stop. After
coming to a stop, appellant initially refused to get out of the car. Carrington testified
that, upon his third order, appellant got out of the car, and Carrington took appellant
into custody. Carrington also testified that the glass doors of the bus and a window
were broken and that he found a hammer handle inside the bus near the broken
window. 
          Carrington testified that appellant and Urbach were both put in ambulances and
taken to a hospital. Carrington spoke to both of them and took photographs of
Urbach’s injuries. Carrington testified that appellant refused treatment at the hospital. 
Carrington said that he then took appellant to jail, where Carrington read appellant
his Miranda rights. Carrington testified that appellant indicated that he understood
his rights and signed the printed form waiving his rights. Carrington further testified
that appellant voluntarily gave a statement that appellant wrote in his own
handwriting. This statement was admitted into evidence without objection. 
          Appellant, who testified in his own behalf, was the only defense witness. He
admitted to using drugs on the night before the incident in question. He testified that
when he was ready to leave the house where they had used the drugs, he told Urbach
not to come with him, but she got into the car anyway. He said that he took back
roads because he had warrants out for traffic tickets and the car he was driving was
not his and had Louisiana license plates. He testified that he and Urbach argued as
he drove and that Urbach picked up a hammer from the car floor and, after more
argument, hit him on the head. As they fought, they tumbled to the ground. He
testified that, when he saw Urbach go to the school bus, he ran after her to get her to
come back so they could go to the hospital. He further testified that he intended to
throw the hammer out of the way, but it went through the bus door and then broke in
half. He stated that he threw the wood on the ground because the bus driver “took
off.” He testified that he got in the car and chased the bus because he wanted to get
Urbach to go to the doctor, but as he got close to the side of the bus, the bus hit his
car on the passenger side. He stated that, after the bus hit his car, he “took off.” He
attributed his speeding to being “too high.” He denied that he ran a stop sign. He
said that he heard the deputy say “Pull your car over,” so he did and got out of his car. 
Appellant denied that he tried to seriously injure Urbach or Lindow or that he
intentionally hit the bus. Appellant admitted that he hit the bus, but said it was an
accident. Appellant both denied and admitted writing the statement. He said it was
not his handwriting, but also said he did not “remember writing all of that.” 
DISCUSSION
Standard of Review
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the verdict to determine whether “any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt.” 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          When reviewing the factual sufficiency, the court must view all the evidence
in a neutral light and may set aside the verdict only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or the contrary evidence is so strong
that the “beyond a reasonable doubt” standard of proof could not have been met. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004), cert. denied, ___
U.S. ___, 125 S. Ct. 1697 (2005). 
           With both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.]
2003, pet. ref’d). The jury may believe all, some, or none of any witness’s testimony. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that jury
“could choose to believe or not believe the witnesses, or any portion of their
testimony”). This standard of review applies to both direct and circumstantial
evidence cases. King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). 
Sufficiency of the Evidence
          In four issues, appellant contends that the evidence is legally and factually
insufficient to support his conviction for the aggravated assault of Urbach and his
conviction for the aggravated assault of a public servant, Lindow. In his argument
to support these contentions, appellant refers only to his own testimony that he and
Urbach were both high on drugs, that Urbach hit him with the hammer first and his
acts against Urbach were in self-defense, that he had no intention of harming either
Urbach or Lindow, and that he did not ram the bus with his vehicle. He then
summarily states, with reference to issues one and three, that, considering the
evidence in the light most favorable to the verdict, it is legally insufficient to support
the verdict and he is entitled to an acquittal. He further summarily states, with
reference to issues two and four, that, considering all the evidence, there is factually
insufficient evidence to support the verdict and he is entitled to a new trial. 
          In his analysis, appellant neither considers the evidence in the light most
favorable to the verdict nor considers all the evidence. The testimony of Urbach,
Lindow, Gray, and Ensley regarding appellant’s actions in using the hammer to break
the bus doors and window and using a car to chase the bus, ram into the bus, and turn
in front of the bus to try to stop it, when viewed in the light most favorable to the
verdict, is legally sufficient to support the verdict on the charges of aggravated assault
of Urbach and aggravated assault of a public servant, Lindow. Accordingly, we
overrule appellant’s first and third issues. 
          In addition, the jury heard appellant’s testimony regarding his lack of intent to
harm Urbach or Lindow. As the judge of the facts, the jury was entitled to believe all,
some, or none of any witness’s testimony. Viewing all the evidence in a neutral light,
we conclude that the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is appellant’s testimony so strong that the jury could not have
found him guilty beyond a reasonable doubt. Accordingly, we overrule appellant’s
second and fourth issues. 
          We affirm the judgments in trial cause number 13034. 
Evading Arrest
          In trial cause number 13035, appellant filed a notice of appeal of his conviction
for evading arrest, and he has filed a clerk’s record and reporter’s record as a part of
his record on appeal. However, in his brief he does not present any issues pertaining
to his conviction for evading arrest. Therefore, having nothing to review with respect
to appellant’s conviction for evading arrest, we affirm the judgment in trial cause
number 13035.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).